BROWNING, J.,
dissents.
Because the majority opinion affirms the JCC’s undisclosed time deadline, rather than a definite standard for a party’s failure to act, I must dissent.
As a sanction for Appellant’s failure to timely comply with the JCC’s indefinite order that sets no time for compliance, he lost his stipulated fee. ($14,000 was forfeited, the approximate compensation of an appellate judge for one month). If compliance time were important to the JCC, he should have set a definite time period for Appellant’s compliance before forfeiting his stipulated fee without notice to him. Because I conclude an objective standard is better in such situations than the visceral one applied here, I believe the majority opinion, on a case of first impression, sets the wrong standard for this and future matters of this kind. Why institutionalize uncertainty and doubt when it is unnecessary and counterproductive?
Nor does the majority opinion’s analysis of how the JCC reached his decision provide any realistic support for an affir-mance. The litany of time and events recited in the majority opinion, which purports to support the JCC’s decision, is immaterial, unnecessary, and unquantifiable. It comprises no more than enforcing, as precedential law, a JCC’s directive that Appellant should have done something within a reasonable period of time: a deadline that can be known only to the JCC. Of course, what is a reasonable time period will vary from JCC to JCC, as it is based upon subjective considerations, an unreliable standard at best. Such unreliability is why, until now, the law addressing a sanction for failure to act within a specific period of time has required that a time certain be set. Had the JCC simply ordered Appellant to present his documentation within a certain number of days, or by a certain date, there would be no need for this appeal and the future appeals that the majority opinion will, in my opinion, spawn. I do not think it can be plausibly argued that the JCC’s “murky directive” to Appellant is better than a simple directive of a time certain favored in so many other areas of the law. For example, no such standard is favored when specifying when to answer a complaint in a civil proceeding, a time to file a notice of appeal, a time to file a motion for rehearing, a time to file a brief, a time for a statute of limitation’s expiration, a time to respond to a motion for summary judgment, and numerous other situations that provide for a time certain before imposing a sanction as here. Can one imagine what would happen if the standard applied here were applied to these situations? It would produce chaos.
Finally, no lasting benefit can come from the majority opinion. It sanctions future indefinite orders and will leave a litigant to guess rather than to comply with a simple *401 deadline. I predict that the principle established by the majority opinion here will prove to be a burden and will be undone on a better day.
For these reasons, I would reverse and I dissent.